UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| DAVID LEE SPARKS, | ) |
| Plaintiff, | ) |
| v. | ) No. 1:22-cv-00037-JMS-TAB |
| KERRY J. FORESTAL, | ) |
| Defendant. | ) |

**ORDER ON PLAINTIFF'S PENDING MOTIONS**

Plaintiff David Sparks, an inmate at the Marion County Jail, filed this action pursuant to 42 U.S.C. § 1983. The Court has screened his amended complaint and dismissed certain claims for failure to state a claim upon which relief may be granted or as misjoined. *See* dkt. 59. Only Mr. Sparks' claim that he has been restricted confidential communication with his attorney proceeds in this action.

This Order addresses a number of Mr. Sparks' pending motions that have been filed since he initiated this action. The Court now makes the following rulings:

**I. Plaintiff's Pending Motions**

**1.** *Ex-Parte* **Hearing**. Mr. Sparks' motion for an *ex parte* hearing, to "discuss with the Court his current living conditions," dkt. [14], is **DENIED**. The Court has reviewed Mr. Sparks' allegations and screened his amended complaint accordingly. Dkt. 59. The Court has directed service upon the defendant. *Id.*; dkt. 60. Thus, an *ex parte* hearing, or any other proceeding before the Court, is premature, improper, and unnecessary at this time.

**2. Motions Requesting Access to Courts**. Mr. Sparks has filed numerous motions, some nearly identical, seeking a Court order that he be provided access to a "physical law library" at the Marion County Jail as well as access to internet, copiers, scanners, telephones, certain legal

materials, and legal assistance from the facility's staff. The Court has screened Mr. Sparks' amended complaint and has determined that his access to courts claim has been dismissed for failure to state a claim upon which relief may be granted. *See* dkt. 59. Only his claim regarding restriction on his confidential communication with his criminal defense counsel proceeds in this action. *Id.*

"A preliminary injunction is an extraordinary equitable remedy that is available only when the movant shows clear need." *Turnell v. Centimark Corp.*, 796 F.3d 656, 661 (7th Cir. 2015). To obtain a preliminary injunction a plaintiff first must show that: "(1) without this relief, [he] will suffer irreparable harm; (2) traditional legal remedies would be inadequate; and (3) [he] has some likelihood of prevailing on the merits of [his] claims." *Speech First, Inc. v. Killen*, 968 F.3d 628, 637 (7th Cir. 2020).

However, the Court will not address the three threshold elements because, as a preliminary matter, a request for injunctive relief must necessarily be tied to the specific claims on which the plaintiff is proceeding. *See Benisek v. Lamone*, 138 S. Ct. 1942, 1945 (2018) ("[T]he purpose of a preliminary injunction is merely to preserve the relative positions of the parties until a trial on the merits can be held." (cleaned up)); *see also DeBeers Consol. Mines v. United States*, 325 U.S. 212, 220 (1945) ("A preliminary injunction is always appropriate to grant intermediate relief of the same character as that which may be granted finally."). Accordingly, this Court lacks authority to grant the relief requested, and the motion must be denied. *Pacific Radiation Oncology, LLC v. Queen's Med. Ctr.*, 810 F.3d 631, 636 (9th Cir. 2015) (holding that absent a nexus between underlying claims and request for injunctive relief, district court has no authority to grant injunctive relief) (citing *DeBeers Consol. Mines*, 325 U.S. at 220).

Because Mr. Sparks has failed to state a claim that he has been denied access to courts in

his amended complaint, and because this action proceeds on a claim unrelated to his law library access, his motions at dockets [30], [33], [43], [45], [48], [49], [56], and [58], are **DENIED**.

**3. Facility Transfer.** Mr. Sparks moves the Court for an order to transfer him to another facility. Dkt. 41. Mr. Sparks states that his pretrial rights are being violated and he "is in a constant state of fear from possibly being attacked again by officers or employees" or other inmates at the facility. *Id.* As the Court discussed in its screening order, Mr. Sparks' claims regarding access to courts, conditions of confinement, retaliation, and assaults were dismissed for failure to state a claim upon which relief may be granted, as was his claim regarding the need for a transfer. Dkt. 59. Because this action proceeds on a claim unrelated to these allegations, his motion for unrelated injunctive relief in the form of a facility transfer, dkt. [41], is **DENIED**.

The Court reiterates that deference is owed to prison officials in day-to-day prison management—including transfer decisions. *See, e.g., Williams v. McGinnis*, 755 F. Supp. 230, 231 (N.D. Ill. 1991) ("Prisoners do not have a constitutional right to remain in or be transferred to a correctional institutional of their own choosing."). "Prison officials in fact have the discretion to transfer or not to transfer prisoners for any reason." *Id.*

**4. Legal Property.** Mr. Sparks moves the Court for an "order granting plaintiff his right to keep all legal documents in plaintiff's eyesight and/or possession at all times." Dkt. 46. This motion, dkt. [46], is **DENIED**. Mr. Sparks has not identified any particular documents belonging to him and that are related to this litigation that are being improperly withheld from him or are not accessible upon request.

**5. Letters to Sheriff Forestal.** Mr. Sparks has filed what appear to be letters to defendant Sheriff Forestal raising his grievances regarding not having access to an individual tablet and being denied various rights including those related to association, religion, medical requests, access to

mail and property, and access to the law library. The Court construes that Mr. Sparks' motions request that the Court send these letters to the defendant. His motions at dkts. [47] and [50] are **DENIED**. Once the defendant appears in this action, he will have access to review filings on the docket. Further, much of the content of these letters is unrelated to the claims that proceed in this action.

## II. Injunctive Relief Related to this Action

Mr. Sparks is cautioned from continuing to file motions for injunctive relief not related to the claims that proceed in this action. Should Mr. Sparks continue to make such unrelated filings, these motions for relief will be summarily denied. Further, the Court strongly discourages Mr. Sparks from filing identical or nearly identical motions—such filings are unnecessary and result in the Court expending significant judicial resources in reviewing and resolving Mr. Sparks' filings.

Mr. Sparks, may however, pursue injunctive relief related to his claim that he is being restricted access to confidential communication with this criminal defense attorney. **The clerk is directed to send** to Mr. Sparks' a form motion for preliminary injunction along with his copy of this Order. Mr. Sparks may file a motion for preliminary injunction using this form once the defendant has appeared in this action. However, this motion must only be related to the claim that proceeds in this action.

## III. Conclusion

For the reasons explained in Part II of this Order, Mr. Sparks' motions at dockets [14], [30], [33], [41], [43], [45], [46], [47], [48], [49], [50], [56], and [58] are **DENIED**.

**The clerk is directed to send** to Mr. Sparks a form motion for preliminary injunction which he may file once the defendant has appeared. The Court reminds Mr. Sparks that any such

filing must only be related to the claims that were permitted to proceed in this action. All other requests will be summarily denied.

   **IT IS SO ORDERED.**

Date: 6/13/2022

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

DAVID LEE SPARKS
592985
MARION COUNTY JAIL
MARION COUNTY JAIL
ADC Mail Room
695 Justice Way
Indianapolis, IN 46203

5