UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| DAVID LEE SPARKS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:22-cv-00037-JMS-TAB |
| | ) | |
| KERRY J. FORESTAL, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER DENYING WITHOUT PREJUDICE
MOTION FOR ASSISTANCE WITH RECRUITING COUNSEL**

Plaintiff David Sparks has filed a motion for assistance with recruiting counsel. Dkt. 79. Litigants in federal civil cases do not have a constitutional or statutory right to court-appointed counsel. *Walker v. Price*, 900 F.3d 933, 938 (7th Cir. 2018). Instead, 28 U.S.C. § 1915(e)(1) gives courts the authority to "request" counsel. *Mallard v. United States District Court*, 490 U.S. 296, 300 (1989). As a practical matter, there are not enough lawyers willing and qualified to accept a pro bono assignment in every pro se case. *See Watts v. Kidman*, -- F.4th --, 2022 WL 3038877, at *6 (7th Cir. Aug. 2, 2022)(explaining that courts must be careful stewards of the limited resource of volunteer lawyers); *Olson v. Morgan*, 750 F.3d 708, 711 (7th Cir. 2014) ("Whether to recruit an attorney is a difficult decision: Almost everyone would benefit from having a lawyer, but there are too many indigent litigants and too few lawyers willing and able to volunteer for these cases.").

"'When confronted with a request under § 1915(e)(1) for pro bono counsel, the district court is to make the following inquiries: (1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?'" *Eagan v. Dempsey*, 987 F.3d 667, 682 (7th Cir. 2021) (quoting *Pruitt v. Mote*, 503 F.3d 647, 654

1

(7th Cir. 2007)). These two questions "must guide" the Court's determination whether to attempt to recruit counsel. *Id.* These questions require an individualized assessment of the plaintiff, the claims, and the stage of litigation. *See Pruitt*, 503 F.3d at 655-56. The Seventh Circuit has specifically declined to find a presumptive right to counsel in some categories of cases. *McCaa v Hamilton*, 893 F.3d 1027, 1037 (7th Cir. 2018) (Hamilton, J., concurring); *Walker*, 900 F.3d at 939.

The first question, whether litigants have made a reasonable attempt to secure private counsel on their own "is a mandatory, threshold inquiry that must be determined before moving to the second inquiry." *Eagan*, 987 F.3d at 682; *see also Thomas v. Anderson*, 912 F.3d 971, 978 (7th Cir. 2019) (because plaintiff did not show that he tried to obtain counsel on his own or that he was precluded from doing so, the judge's denial of these requests was not an abuse of discretion). Mr. Sparks has attempted to contact multiple attorneys with requests for representation without success. Dkt. 79 at 2. The Court finds that he has made a reasonable effort to recruit counsel on his own before seeking the Court's assistance. He should continue his efforts to find counsel.

"The second inquiry requires consideration of both the factual and legal complexity of the plaintiff's claims and the competence of the plaintiff to litigate those claims himself." *Eagan*, 987 F.3d at 682 (citing *Pruitt*, 503 F.3d at 655). "Specifically, courts should consider 'whether the difficulty of the case—factually and legally—exceeds the particular plaintiff's capacity as a layperson to coherently present it to the judge or jury himself.'" *Id.* (quoting *Pruitt*, 503 F.3d at 655). "This assessment of the plaintiff's apparent competence extends beyond the trial stage of proceedings; it must include 'the tasks that normally attend litigation: evidence gathering, preparing and responding to motions and other court filings, and trial.'" *Id.* (quoting *Pruitt*, 503 F.3d at 655).

The Court finds that Mr. Sparks is competent to litigate this action himself. Mr. Sparks has a GED and has no reported difficulty reading or writing English. Dkt. 79 at 2-3. Thus far, Mr. Sparks' numerous filings with the Court have been coherent and understandable. Mr. Sparks cites further obstacles he experiences, including that he is physically confined in his cell 23 hours a day and that he suffers from depression and anxiety. *Id.* at 3. He states he does not receive legal assistance or access to a physical law library. *Id.* at 3-4.

Though Mr. Sparks identifies certain challenges, these challenges impact many prisoners proceeding pro se. As the Seventh Circuit has recognized, "imprisonment only exacerbates the already substantial difficulties that pro se litigants face. But Congress hasn't provided lawyers for indigent prisoners; instead it gave district courts discretion to ask lawyers to volunteer their services in some cases." *Olson*, 750 F.3d at 712. Given the massive amount of pro se litigation, it is simply impossible to recruit pro bono counsel for each of these cases. To the extent that Mr. Sparks contends that his housing placement is imposing restrictions on his ability to litigate this action, the Court notes that he has, to date, filed approximately 40 motions, in addition to other notices and pleadings with the Court. And in relation to Mr. Sparks' mental health, mental illness, while relevant to the Court's inquiry, does not create a legal entitlement to the appointment of counsel. *Perry v. Sims*, 990 F.3d 505, 513 (7th Cir. 2021).

Moreover, this case is in early stages of litigation. The defendant has not yet answered Mr. Sparks' complaint.[1] The Seventh Circuit has found that "until the defendants respond to the complaint, the plaintiff's need for assistance of counsel . . . cannot be gauged." *Kadamovas v. Stevens*, 706 F.3d 843, 845 (7th Cir. 2013). While that statement from *Kadamovas* is not a bright-

---

[1] On July 27, 2022, the Court denied Mr. Sparks' motion for counsel without prejudice and permitted him the opportunity to renew his request after the defendant filed his answer. Dkt. 73 at 2-3. Mr. Sparks has filed this instant motion for counsel prematurely, but the Court has reviewed the merits of his motion at this time, and finds that Mr. Sparks is competent to litigate this action himself.

line rule, Mr. Sparks has not shown a need for counsel to assist him in amending his complaint, or to "investigate and flesh out any claim that may exist." *Mapes v. Indiana*, 932 F.3d 968, 971-72 (7th Cir. 2019). Further, the Court finds that Mr. Sparks' claim—that while at the Marion County Jail, he has been denied confidential communication with his criminal attorney—is not overly complex. For example, Mr. Sparks is personally familiar with the incidents that he alleges he has been unable to confidentially communicate with his attorney.

Accordingly, the Court finds that Mr. Sparks is competent to litigate this case on his own, at this time. Therefore, his motion for assistance recruiting counsel, dkt. [79], is **denied without prejudice**.

The Court will remain alert to changes in circumstances that may warrant reconsideration of the motion, such as a settlement conference or trial.

**IT IS SO ORDERED.**

Date: 8/12/2022

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

DAVID LEE SPARKS
592985
MARION COUNTY JAIL
MARION COUNTY JAIL
ADC Mail Room
695 Justice Way
Indianapolis, IN 46203

Elise Bowling
Frost Brown Todd LLC
ebowling@fbtlaw.com